UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                            Case No. 15-C-1062

JANE RITLAND,
SHAWANO COUNTY, and
WISCONSIN DEPARTMENT OF REVENUE,

    Defendants.

**DECISION AND ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

The United States of America commenced this action seeking to secure Jane Ritland's federal income tax liability by foreclosing federal tax liens, pursuant to 26 U.S.C. § 6321, pertaining to certain real property at W7104 Frailing Road, Shawano, Wisconsin (the Shawano property). The matter is currently before the Court on the United States' motion for summary judgment. The United States seeks a judgment that, for the tax years 2004 through 2012, Ritland is liable for $138,458.16 in unpaid federal income taxes, penalties, and interest through September 23, 2016 to the present. It further argues that the Court should enforce the federal tax liens against the Shawano property and order a sale of the property. For the following reasons, the United States' motion for summary judgment is granted.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

In this district, Civil Local Rule 56 sets forth specific summary judgment procedures that parties are required to follow. Under the rule, the party moving for summary judgment must submit a statement of stipulated material facts, if any, and "a statement of proposed material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." Civil L.R. 56(b)(1). The party opposing the motion must then file a "concise response to the moving party's statement of facts," particularly "in the case of any disagreement." Civil L.R. 56(b)(2)(B)(i). If the opposing party does not contest the moving party's statement of facts, "[t]he Court will deem uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment." Civil L.R. 56(b)(4).

2

Here, Ritland, through counsel, did not follow these rules. She did not respond to the United States' statement of facts, submit her own statement of facts, or provide any evidence tending to show that a genuine factual dispute exists. Consequently, the United States' facts are deemed admitted. Fed. R. Civ. P. 56(e)(2); *see also Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013).

**UNCONTROVERTED FACTS**

The following facts are taken from the parties' stipulated material facts and the United States' statement of undisputed material facts. (Stipulated Material Facts (SMF), ECF No. 28-2; Undisputed Material Facts (UMF), ECF No. 28-3.) For the taxable years 2004 through 2012, Ritland filed self-prepared federal income tax returns. (SMF at ¶ 1.) For each of the tax years at issue, a delegate of the Secretary of the Treasury assessed a tax penalty against Ritland for her federal income taxes. Despite notices of the assessments and demands for payment, Ritland has failed to pay the amounts she owes. (UMF at ¶ 50.)

On April 11, 2008, the United States filed a notice of a federal tax lien on the Shawano property with the Shawano County Register of Deeds. The United States filed additional notices of a federal tax lien on the Shawano property with Shawano County in 2010, 2011, 2013, and 2014. Ritland is the sole owner of the Shawano property, and there are no mortgages on the property. (SMF at ¶¶ 6–7.) As of September 23, 2016, the outstanding balance of Ritland's federal income tax liabilities, including all penalties and interest, is $138,458.16, computed as follows:

| Tax Year | Balance Due |
| --- | --- |
| 2004 | $11,571.03 |
| 2005 | $13,407.24 |

3

| | |
|---|---|
| 2006 | $18,063.49 |
| 2007 | $16,101.05 |
| 2008 | $16,301.68 |
| 2009 | $18,958.57 |
| 2010 | $17,768.07 |
| 2011 | $12,674.98 |
| 2012 | $13,612.11 |

(UMF at ¶ 51.) On September 1, 2015, the United States commenced the present action under 26 U.S.C. § 7403, which allows a district court to order the sale of property that is subject to a federal tax lien.

## ANALYSIS

**A. Assessed Federal Tax Liabilities**

The United States first seeks to reduce Ritland's assessed federal tax liabilities for the tax years 2004 through 2012 to judgment. In an action to collect taxes from a person, the United States has the initial burden to show the amount of taxes due. *See, e.g.*, *Nakano v. United States*, 742 F.3d 1208, 1211 (9th Cir. 2014) (citation omitted). A taxpayer's liability to pay a tax is established by an "assessment," the IRS's evaluation of the amount the taxpayer owes in unpaid taxes. *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). The IRS uses Form 4340, the certificate of assessments, payments, and other specified matters, to assist in its calculation. Form 4340 establishes the presumption of a valid tax assessment of the amounts the taxpayer owes. *See id.* ("It is well established in the tax law that an assessment is entitled to a legal presumption of correctness . . . ."). This presumption of correctness shifts the burden of proof to the taxpayer to show that the

4

assessment is incorrect. *See United States v. Brown*, 820 F.Supp. 374, 384 (N.D. Ill. 1993). To meet her burden, the taxpayer must offer more than a general denial of liability. *See Avco Delta Corp. Canada Ltd. v. United States*, 540 F.2d 258, 262 (7th Cir. 1976).

In this case, the United States introduced sufficient evidence to meet its initial burden by submitting a Form 4340 for the tax years 2004 through 2012, which reflect the tax assessments made against Ritland. (ECF Nos. 28-16 – 28-24.) Consequently, Ritland bears the burden of proving the assessments are incorrect. Ritland agrees she owes a portion of the underlying tax but disputes the amount she is liable for. Although she asserts that the amount of principal taxes owed is an amount in question, she does not satisfy her burden. She has failed to rebut the presumption of correctness because she has not offered any evidence to establish that the assessments are erroneous or presented any alternative calculation suggesting the actual amount she owes. Again, a mere denial of liability is insufficient to overcome the presumption of correctness. In short, based on the IRS's assessments, the United States is entitled to judgment in the amount of $138,458.16, plus interest from and after September 23, 2016.

**B. Enforcement of Federal Tax Liens**

Once the amount of a tax liability has been established and recorded, the IRS may employ administrative enforcement methods, such as tax liens, to collect the outstanding taxes. *United States v. Galletti*, 541 U.S. 114, 122 (2004). If a person fails to pay her tax liabilities after a demand has been made, a lien in favor of the United States arises on all property and rights to property belonging to the person. 26 U.S.C. § 6321. The lien continues to exist until the taxpayer satisfies her liability or the lien becomes unenforceable due to a lapse of time. 26 U.S.C. § 6322. If the United States prevails on the merits of the suit to enforce a tax lien, the court "may decree a sale of

5

such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interest of the parties and of the United States." 26 U.S.C. § 7403(c). A district court's discretion in refusing to authorize a sale is to be "exercised rigorously and sparingly, keeping in mind the Government's paramount interest in prompt and certain collection of delinquent taxes." *United States v. Rodgers*, 461 U.S. 677, 711 (1983).

Here, the federal tax liens associated with Ritland's income tax liabilities for the years 2004 through 2012 arose and attached to the Shawano property as of the dates of the assessments. *See* 26 U.S.C. § 6321. It is undisputed that Ritland has not satisfied her liability by paying the entire portion of what she owes in taxes, penalties, and interest. Ritland has not presented any evidence indicating that justice requires a modification to the sale procedure, such as a third-party interest. *See Rodgers*, 461 U.S. at 709 ("We can think of virtually no circumstances, for example, in which it would be permissible to refuse to authorize a sale simply to protect the interests of the delinquent taxpayer himself or herself."). Accordingly, the United States is entitled to enforce the federal tax liens through a judicial sale of the Shawano property. The proceeds of the sale must be paid to the United States to satisfy Ritland's outstanding tax liabilities.

## CONCLUSION

For the reasons stated herein, the United States' motion for summary judgment (ECF No. 28) is **GRANTED**. Under Federal Rule of Civil Procedure 54(b), judgment is final for purposes of appeal. There is no reason to delay entry of final judgment on this portion of the case pending the sale of the Shawano property. The United States shall promptly file a motion and proposed order setting forth with particularity the sale procedure and the distribution priorities for the Shawano property.

**SO ORDERED** this  3rd  day of January, 2017.

                                                        s/ William C. Griesbach
                                                       William C. Griesbach, Chief Judge
                                                       United States District Court